UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00059-WTL-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| WILLIAM E. WILSON, J. BEIGHLEY, ) | |
| A. RUPSKA, SAMEH Z. LAMIY, ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion to Dismiss or in the Alternative for
Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Robert Martin, an inmate of the Federal Correctional Institution in Butner, North Carolina, brings this action based on alleged inadequate medical care he received while he was confined at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). He alleges that the defendants failed to treat him properly for his heart and gastrointestinal conditions. He brings a Federal Tort Claims Act ("FTCA") claim against the United States and a claim under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) against William E. Wilson, J. Beighley, and A. Rupska (the "Individual Defendants"). The United States and the Individual Defendants move to dismiss and for summary judgment.[1]

**I. Facts**

On the basis of the pleadings and the expanded record, the following facts are undisputed:

---

[1] Mr. Martin's claim against an outside doctor, Dr. Sameh Lamiy was previously dismissed. Dkt 115.

At all times relevant to this action, Mr. Martin was an inmate of the FCC Terre Haute. During his time at the FCC Terre Haute, he suffered from heart palpitations and H. Pylori stomach infection.

On February 2, 2010, Mr. Martin was sent to Union Hospital for an emergency cardiac consultation due to complaints of pain, recent EKG test results, and a history of myocardial infarction. An Implantable Cardioverter Defibrillator (ICD) was implanted to treat his condition on February 13, 2010, by Dr. Sameh Lamiy. The ICD was implanted appropriately and the management of it was within the standard of care.[2] Mr. Martin saw Dr. Lamiy at least three times, including a follow-up appointment in July and a time in August when the defibrillator fired several times and he was sent to Union Hospital. Mr. Martin claims that the defibrillator was shocking him improperly, that the Individual Defendants did nothing to address these concerns, that he should have been referred to a specialist for these concerns, and that Dr. Lamiy was incorrect about the need for an ICD. Mr. Martin has no medical training of any sort, including medical school, nurses training, or parmedic training. No medical professional has told Mr. Martin that Dr. Lamiy's decisions about the ICD were inappropriate.

Mr. Martin also suffered from an H. pylori infection of his stomach. His heart symptoms were not due to this infection. An H. pylori infection is essentially confined to the stomach and is not associated with cardiovascular problems. Mr. Martin had some gastrointestinal symptoms and was evaluated by esophagogastroduodenoscopy (EGD) on October 6, 2010. This showed a small sliding hiatal hernia and redness in his stomach. These are very non-specific findings and do not establish any particular diagnosis. Biopsies were taken from the stomach and these showed chronic gastritis (inflammation of the stomach lining) and some H. pylori organisms. Mr. Martin was

---

[2] Mr. Martin challenges this fact, but provides no evidence to support his challenge.

therefore diagnosed with an H. pylori infection which caused the gastritis. Many individuals are infected with H. pylori. Although this infection produces stomach inflammation, most people do not have any symptoms from the infection.

Following the diagnosis of H. pylori infection, Mr. Martin was prescribed a 14-day course of four different medicines which are all approved by the United States Food and Drug Administration as part of treatment combinations for H. pylori infection. The 14-day duration of treatment was appropriate and within the standard of care. H. pylori infection is difficult to treat and requires a minimum of three, and sometimes four, medicines. The combination of medicines that Mr. Martin received was appropriate and within the accepted standard of care.

On October 10, 2010, Mr. Martin had a barium swallow x-ray investigation to evaluate dysphagia—difficulty with swallowing. This showed the small sliding hiatal hernia that had already been documented and minimal gastroesophageal reflux (GER) as well as some mucosal irregularity in the distal esophagus. GER documented during this type of X-ray procedure is a common finding and does not establish a diagnosis of GERD. Whether or not Mr. Martin suffered from GERD, he was being appropriately treated with both ranitidine and omeprazole at different times for his symptoms.

Mr. Martin had a second EGD on February 27, 2012. No abnormality was found in the esophagus to explain Mr. Martin's complaint of dysphagia. In the stomach, there was again redness. Biopsies showed chronic gastritis, intestinal metaplasiaiii, and H. pylori bacteria. This indicates that the initial treatment that Mr. Martin received had been unsuccessful in curing his H. pylori infection. However, this is not unusual. Treatments for H. pylori infection – including that given to Mr. Martin – are not always successful in curing the infection.

Around March of 2013, Mr. Martin was re-treated for H. pylori infection. This is not unusual in routine clinical practice. Treatment is successful in only around 70% of patients even with full compliance with medication. When the treatment is unsuccessful, it is appropriate to re-treat the patient. However, in Mr. Martin's case, he was re-treated with the same combination of medicines that was used initially. This was inappropriate. When initial treatment for H. pylori infection fails, as it did in Mr. Martin, the patient should not be given the same combination of medicines that was used initially. In particular, the medicine clarithromycin should not be used a second time since initial failure with this medicine probably means that the patient's H. pylori infection is resistant to it. However, this is a relatively minor issue and does not fall outside of the accepted standard of care for primary care physicians. This was a common, minor, and non-life-threatening error in overall management. This did not fall outside of the standard of care for primary care physicians.

## II. Discussion

The United States moves to dismiss Mr. Martin's FTCA claim based on actions by Dr. Lamiy and moves for summary judgment on Mr. Martin's medical malpractice claims brought pursuant to the FTCA. Finally, the Individual Defendants move for summary judgment on Mr. Martin's *Bivens* claims.

A. *Motion to Dismiss*

The United States argues that Mr. Martin's FTCA claims based on the actions of Dr. Lamiy must be dismissed pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*, as barred by the doctrine of sovereign immunity because when Dr. Lamiy treated Mr. Martin, he was a contractor and not an employee of the United States.

The FTCA is a limited waiver of sovereign immunity, authorizing tort suits against the United States by those who are injured by the negligent acts or omissions of any employee of the government acting within the scope of official duties. 28 U.S.C. § 1346(b); *LM ex rel. KM v. United States,* 344 F.3d 695, 698 (7th Cir. 2003). The United States argues that because Dr. Lamiy was not an employee of the United States, but an independent contractor, it has not waived its sovereign immunity as to that claim and this Court lacks subject matter jurisdiction over this claim. *See Alinsky v. United States,* 415 F.3d 639, 643-645 (7th Cir. 2005); *Halker v. United States*, No. 1:07-CV-1456-JMS-WGH, 2010 WL 2838468, at *3 (S.D. Ind. July 16, 2010) (holding that a claim that falls under the FTCA's independent contractor exception is properly subject to dismissal for lack of subject matter jurisdiction). The United States has shown that Dr. Lamiy was a contractor, not an employee, when he treated Mr. Martin. Mr. Martin does not dispute that Dr. Lamiy was not an employee of the United States. He states: "This claim is not based on Dr. Lamiy['s] employment as a contractor. Rather, this claim is against the Individual Federal Defendants for their failure to oversee or participate in the care provided to the plaintiff by Dr. Lamiy." Any tort claims against the United States based on the actions of Dr. Lamiy are therefore **dismissed**.[3]

B. *Motion for Summary Judgment*

The United States and the Individual Defendants move for summary judgment on Mr. Martin's negligence and deliberate indifference claims based on the actions of the Individual Defendants.

---

[3] Mr. Martin argues that the United States can be held liable under the FTCA to the extent that its employees failed to oversee Dr. Lamiy's actions. All claims against the United States based on acts of its own employees will be discussed below.

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a)*.* As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed.R.Civ.P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed.R.Civ.P. 56(c)(4)*.*

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.,* 325 F.3d 892, 901 (7th Cir.2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.,* 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed.R.Civ.P. 56(c)(3)*,* and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson,* 325 F.3d at 898. Any doubt as to the existence

of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan,* 614 F.3d 684, 691 (7th Cir. 2010).

        1. FTCA

The United States argues that it is entitled to summary judgment on Mr. Martin's medical malpractice claims based on the acts of the Individual Defendants. The FTCA covers injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act of omission occurred." 28 U.S.C. § 1346(b). Here, the applicable state law is Indiana medical malpractice law.

Under Indiana law, to show negligence, a plaintiff must show: (1) a duty to conform one's conduct to a standard of care arising from the relationship with the defendant, (2) a failure to conform one's conduct to the standard of care required, and (3) an injury caused by the failure. *Perkins v. Lawson*, 312 F.3d 872, 876 (7th Cir. 2002). In a medical malpractice case, "expert medical testimony is usually required to determine whether a physician's conduct fell below the applicable standard of care." *Bader v. Johnson*, 732 N.E.2d 1212, 1217-18 (Ind. 2000); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 753 (7th Cir. 2004) ("[U]nder Indiana law a prima facie case in medical malpractice cannot be established without expert medical testimony."). "This is generally so because the technical and complicated nature of medical treatment makes it impossible for a trier of fact to apply the standard of care without the benefit of expert opinion on the ultimate question of breach of duty." *Bader*, 732 N.E.2d at 1217-18. Expert testimony is required unless the defendant's conduct is "understandable without extensive technical input" or

"so obviously substandard that one need not possess medical expertise to recognize the breach." *Gipson v. United States*, 631 F.3d 448, 451 (7th Cir. 2011).

The United States argues that Mr. Martin's medical malpractice claim must fail because the care that he was provided fell within the standard of care. The United States has provided expert testimony that the care Mr. Martin received for his heart and gastrointestinal problems was not negligent. Mr. Martin argues, among other things, that the ICD should not have been implanted, that it was improperly managed after implantation, and that the Individual Defendants failed to treat his H. pylori infection properly. But Mr. Martin has provided no expert testimony to support any of these malpractice claims. The Court cannot say that the proper course of treatment for Mr. Martin's heart and stomach problems is obvious as to be within the understanding of lay people. Expert testimony is therefore required. Because Mr. Martin has provided none, the United States is entitled to summary judgment on Mr. Martin's negligence claim.

### 2. *Bivens*

The United States argues that a judgment against Mr. Martin on his FTCA claim bars his *Bivens* claims. 28 U.S.C. § 2676 provides: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." This statute is a "judgment bar" which "preserves sovereign immunity by protecting the United States from defending against separate lawsuits arising from the same conduct." *Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir. 2010). A judgment is "a prerequisite" to the operation of this statute. *Id*. at 822. However, it does not matter whether judgment on a FTCA claim is entered before, simultaneously with, or after judgment on the remaining claim or claims against the government employee or employees. *See, e.g., Manning v. United States*, 546 F.3d 430 (7th Cir.

2008) (affirming district court's decision to vacate jury verdict of $6.5 million in damages for plaintiff on his *Bivens* claim where the United States was subsequently granted summary judgment on the related FTCA claim).

Mr. Martin argues that his *Bivens* claims are not precluded by the FTCA judgment bar because his FTCA claims were based on Dr. Lamiy's alleged negligence while his *Bivens* claims are based on the separate claims regarding the conduct of the Individual Defendants in treating Mr. Martin's heart and gastrointestinal problems. But Mr. Martin's complaint makes no such distinction. The complaint asserts generally that the defendants "neglected to provide Mr. Martin with adequate medical treatment when they deliberately ignored his ailments pertaining to a serious medical need" (Dkt 1, para. 117(a)) and that the defendants were "indifferent to and maliciously and willfully failed to protect Mr. Martin [from] the risk of contracting a more serious medical [condition] that poses an excessive risk to his health, to follow the appropriate method before inserting an implantable cardioverter defibrillator (ICD) in his chest, diagnos[e] and properly treat Mr. Martin once they discovered he had contracted the heliobacter pylori bacteria." (dkt 1, para. 118). The complaint, alleging both negligence and deliberate indifference against all defendants, therefore makes FTCA and *Bivens* claims against all defendants based on the care Mr. Martin received for his heart and stomach problems. Further, Mr. Martin argues in response to the motion for summary judgment that the Individual Defendants were deliberately indifferent to his serious medical needs by failing to respond to his complaints regarding the shocks he was receiving from the ICD. (Dkt 137, pg 15). It is therefore clear that Mr. Martin's negligence and deliberate indifference claims, based on the implantation of and treatment for the ICD and the treatment for H. pylori, arise out of the same subject matter. Accordingly, because Mr. Martin's FTCA claims have been dismissed, his *Bivens* claims must also be dismissed.

### III. Conclusion

The motion to dismiss and for summary judgment filed by the United States and the Individual Defendants [dkt 98] is **granted**. Judgment consistent with this ruling and the Entry of January 21, 2015, granting Dr. Lamiy's motion for summary judgment shall now issue.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 7/13/15

Distribution:

All electronically registered counsel

ROBERT MARTIN
39869-066
BUTNER - MEDIUM II FCI
BUTNER MEDIUM II FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1500
BUTNER, NC 27509